Judge Robertson
delivered the opinion of the Court.
In this case various points are made,, which it is not necessary to notice specifically.
General court, a court of limited jurisdiction and the declaration must contain such averments as will give the court jurisdiction.
Suit on a note, must be in the name of obligee unless an existing assignment.
The statute of Anne, uses the words, “dilatory pleas,” that of Kentucky, pleas in abatement,” when in giving affidavit.
The lex fori, not the lex loci, controls the remedy.
Plea which required to be sworn to, before filed, should be objected to; demurrer waives the oath.
The pleas to the jurisdiction of ihe general court, whether considered as pleas in bar or in abatement, are not good. As the jurisdiction of the general court is special and limited, the declaration in asuitbrought in that court, must aver all the facts which are necessary to give it jurisdiction. 3 Dallas, 382; 4 Ib. 7; 1 Cranch, 343; 2 Ib. 9-126; 4 Ib. 46.
The declaration in this case, contains all that is necessary to give jurisdiction. A demurrer could not, therefore, be sustained to it.
The plea that the note sued on did not belong to the plaintiff, is immaterial. The fact plead, if true, could not oust the court of its jurisdiction. There is no existing assignment of the note. The legal right is on the obligee, wherever, or in whomsoever the equity may be. And we suppose that the fact that the obligee is a non-resident of this state and a citizen of another, must affect, materially, the question of jurisdiction, and decide it in favor of the general court.
We need not decide whether it is necessary to make affidavit to pleas to the jurisdiction. If they be considered, technically, pleas in abatement, an affidavit would be necessary; otherwise it would not be. A statute of Anne required all “dilatory pleas” to be sworn to; hence pleas to the jurisdiction were included. This statute was never in force, nor ever re-enacted, in this state. The statute of Kentucky requires all pleas “in abatement'''1 to be supported by affidavit.
The allegation that the note sued on, was by the law of Rhode Island, where it was executed, a parol contract, can have no effect. The lecc fori and not the lew loci contractus, regulates the remedy and the evidence. Nor can the allegation that suit on the note was barred by time in Rhode Island, have any influence here.
Number 2, a long plea, (to which a demurrer was sustained,) containing much that is irrelevant and immaterial, concludes by averring that “the note was executed without any consideration.'’'’ The 'object of the pleader seemed to be to present and to rely on the impertinent matter in the plea; and in this view we suppose the general court considered it. But the last *408 averment presents a substantive defence, which, if true, is a bar to the action. The demurrer was erroneously sustained to this plea, because, although it ought to have been sworn to, the demurrer dispensed with the affidavit, and admitted the averments to be true. The filing of the plea ought to have been objected to.
Error to render judgment for interest upon a note, executed in another state, unless the rate of interest be found by a jury.
Monroe, for plaintiff; J. J. Marshall, for defendant.
The court erred too, in rendering judgment without the verdict of a jury, for interest on proof of the rate of interest in Rhode Island. The rate of interest in a foreign state, or in any' of the sister states of this confederacy, is a fact which, like all others, must be proved, and ascertained by a jury; and the court cannot give judgment for such interest without a finding of the amount by a jury. Litt. Sel. Ca. 507; 1 Monroe, 209.
The judgment of the general court must, therefore? be reversed, and the cause remanded, for a repleader to commence with the plea to the consideration.